1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

11   EDUARDO ESTRADA            )   Case No. CV 14-4060-CJC (RNB)
12   BOUCHE´,                   )
              Petitioner,       )   ORDER TO SHOW CAUSE
13                              )
              vs.               )
14                              )
15   DAVID B. LONG, Warden,     )
                                )
16              Respondent.     )

17        The Court has reviewed the Petition for Writ of Habeas Corpus by a Person is
18   State Custody filed by petitioner herein on May 28, 2014.  As best the Court can
19   glean from ¶ 7 of the Petition, petitioner is claiming that he received ineffective
20   assistance of counsel during plea bargaining, as a result of which petitioner was
21   deprived of a 9-year plea offer.

22        Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner
23   has exhausted the remedies available in the courts of the State.[1]  Exhaustion requires
24

25        [1]     The habeas statute now explicitly provides that a habeas petition brought
26   by a person in state custody "shall not be granted unless it appears that-- (A) the
     applicant has exhausted the remedies available in the courts of the State; or (B)(i)
27   there is an absence of available State corrective process; or (ii) circumstances exist
28                                                                      (continued...)

1

that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state.  See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979).  Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971).  As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  See Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982).  Petitioner has the burden of demonstrating that he has exhausted available state remedies.  See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).  The Ninth Circuit has held that a federal court may raise the failure to exhaust issue sua sponte and may summarily dismiss on that ground.  See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam), cert. denied, 455 U.S. 1023 (1982); see also Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

Here, the Court notes that, in response to the question in the habeas form asking whether petitioner filed a Petition for Review with the California Supreme Court, petitioner checked off the "no" box.  Petitioner also checked off the "no" box in response to the question asking whether he previously filed any habeas petitions in any state court with respect to this judgment of conviction.  Moreover, although petitioner proceeded to reference the California Supreme Court petition that he filed

---

[1](...continued)
that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).

on December 13, 2013 in Case No. S215233, the copy of that petition attached as an exhibit to the Petition herein reveals that it was not a habeas petition. Rather, it was a "Petition for A Verified Accusation," ostensibly brought pursuant to Cal. R. Ct. 952(d)-(f) and Cal. Bus. & Prof. Code § 6108, in which petition was purporting to seek review of the California State Bar's disposition of the professional misconduct complaint he had filed against his counsel. The petition was not submitted on the state form mandated for pro se habeas petitions by Cal. R. Ct. 8.380(a)(1) and the copy of the California Supreme Court denial order reflects that the petition was not construed as a habeas petition by the California Supreme Court. The Court also notes that, according to the California Appellate Courts website, petitioner's only California Supreme Court filing was the above-referenced petition, which was categorized as an accusation against an attorney (as opposed to as a habeas petition).

It therefore appears to the Court that petitioner has failed to exhaust his state remedies with respect to the ineffective assistance of counsel during plea bargaining claim being alleged by him in the Petition herein.

If it were clear that petitioner's unexhausted ineffective assistance claim was procedurally barred under state law, then the exhaustion requirement would be satisfied. See Castille v. Peoples, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996); Jennison v. Goldsmith, 940 F.2d 1308, 1312 (9th Cir. 1991). However, it is not "clear" here that the California Supreme Court would hold that petitioner's unexhausted ineffective assistance claim is procedurally barred under state law, if petitioner were to raise such claim in a habeas petition to the California Supreme Court (which being an original proceeding is not subject to the same timeliness requirement as a Petition for Review of a Court of Appeal decision). See, e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993) (granting habeas relief where petitioner claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405, 244 P.2d 734 (1952)

(noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition).  The Court therefore concludes that this is not an appropriate case for invocation of either "exception" cited above to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court.

Under the total exhaustion rule, if even one of the claims being alleged by a habeas petitioner is unexhausted, the petition must be dismissed.  See Rose, 455 U.S. at 522; see also Coleman v. Thompson, 501 U.S. 722, 731, 115 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); Castille v. Peoples, 489 U.S. 346, 349, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989).  However, in Rhines v. Weber, 544 U.S. 269,  277, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the Supreme Court held that, in certain "limited circumstances," a district court may stay a mixed petition containing both exhausted claims and unexhausted claims and hold such petition in abeyance while the petitioner returns to state court to exhaust his unexhausted claims.[2]

This is not an appropriate case for invocation of the stay-and-abeyance procedure authorized by Rhines because that procedure applies only to mixed petitions and the Petition herein is not a mixed petition.  Nor is this an appropriate case for invocation of the alternate stay-and-abeyance procedure authorized by Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir.), cert. denied, 525 U.S. 920 (1998) and Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007) because that procedure applies only to fully exhausted petitions.  See King v. Ryan, 564 F.3d 1133, 1139-40 (9th Cir.), cert. denied, 130 S. Ct. 214 (2009).  Petitions

---

[2]    Under Rhines, 544 U.S. at 277-78, the prerequisites for obtaining a stay while the petitioner exhausts his state remedies are: (a) that the petitioner show good cause for his failure to exhaust his claims first in state court; (b) that the unexhausted claims not be "plainly meritless"; and (c) that petitioner not have engaged in "abusive litigation tactics or intentional delay."

4

containing solely unexhausted claims such as the Petition herein must be dismissed. See, e.g., Jones v. McDaniel, 320 Fed. Appx. 784, 786 (9th Cir. 2009) (now citable for its persuasive value per Ninth Circuit Rule 36-3) (affirming the dismissal of a fully unexhausted petition and denial of a stay because a Rhines stay is available only where at least some of the claims have been exhausted); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001), cert. denied, 538 U.S. 949 (2003).

Accordingly, on or before **July 3, 2014**, petitioner is ordered to show cause in writing, if any he has, why this action should not be summarily dismissed without prejudice for failure to exhaust state remedies pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[3]

DATED:  June 2, 2014

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[3]    Petitioner is forewarned that, if this action is summarily dismissed without prejudice for failure to exhaust state remedies and petitioner hereafter files a new federal habeas petition after exhausting his state remedies, the new petition may be time barred under 28 U.S.C. § 2244(d), even if the dismissal of this action is "without prejudice."  Indeed, although the Court cannot make a definitive determination of the timeliness of the instant Petition from the incomplete information provided by petitioner in the habeas form and the exhibits to the Petition, it appears to the Court from its preliminary analysis of the issue that the instant Petition may already be time barred.

5